UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HOWARD PILTCH and BARBARA )
NELSON-PILTCH, )
      Plaintiffs, )
       )
   v. ) No. 3:11 CV 1
       )
FORD MOTOR COMPANY, *et al.*, )
      Defendants. )

## OPINION AND ORDER

This matter is before the court on defendant Ford Motor Company's ("Ford")[1] motion for summary judgment or alternatively for sanctions. (DE # 20.) Plaintiffs Howard Piltch and Barbara Nelson-Piltch, husband and wife (for convenience, "the Piltches") brought this action after they were injured when their Mercury Mountaineer, manufactured by Ford, skidded on ice and collided with a wall and then trees. The Piltches claim that their injuries were more severe than they would have otherwise been had the air bags in the vehicle not failed to deploy. The basis for Ford's motion for summary judgment, in a nutshell, is that the Piltches cannot prove their claim without expert testimony to establish causation by a product defect, and they have none.

*Legal Standard*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

---

[1] The caption of the complaint also names Mercury Division of Ford Motor Company as a defendant, but the parties agree it is not a separate entity from Ford subject to suit. The court therefore dismisses Mercury Division on its own motion.

CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). If the nonmoving party fails to establish the existence of an essential element on which he or she bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

*Facts*

For the purposes of the analysis pertinent to Ford's motion, there are no facts in dispute in this case, either because they are truly undisputed, or because, for the purposes of its motion, Ford accepts the version of a fact as alleged by the Piltches and

2

most favorable to them. In turn, the Piltches concede certain facts or issues for the purpose of Ford's motion.[2] The only dispute is whether the facts, taken in this posture, are enough to present an issue of fact to the jury as to whether Ford has any liability for the Piltches' injuries. The court briefly summaries the underlying facts which the parties accept as undisputed for the purposes of Ford's motion. Additional facts, including procedural facts germane to Ford's motion, will be included later in the analysis of Ford's motion.

The single-vehicle accident at issue in this case occurred in Andover, Massachusetts, on February 4, 2007. (DE #1 at 2.) The road conditions were icy and treacherous. (*Id*.) The Piltches were in their 2003 Mercury Mountaineer, with Barbara driving and Howard riding in the front passenger seat. (*Id*.) Because of the icy road conditions, Barbara lost control of the vehicle and it collided with a tree. (*Id*.) The air bags did not deploy, causing more serious injuries to the Piltches than would have occurred had they deployed. (*Id*.) The Piltches sold the car to a James O'Boyle in 2009. (DE #35 at ¶ 3.)  At that time, any damages from the accident had already been repaired. (Id.) Neither party has designated any evidence showing the condition of the vehicle after the accident, such as photographs or reports showing the extent of its

---

[2] For example, the accident occurred in Massachusetts, and the parties are at odds over whether Indiana or Massachusetts law applies. Ford argues that Indiana law applies, but that it would also be entitled to summary judgment under Massachusetts' law. For the purposes of the motion only, the Piltches concede that Indiana law applies and argue that Ford is not entitled to summary judgment under it. (DE #33 at 6.) Therefore, there is no need to address the choice-of-law question Ford raises in its motion.

damages and necessary repairs. After purchasing the vehicle, O'Boyle, a mechanic, reprogrammed the vehicle's "black box" computer module which would have degraded any diagnostic information concerning the accident; besides that, O'Boyle's opinion is that the module would have ben replaced with a new one after the accident. (Id. at ¶¶ 4-5.)

*Analysis*

The Piltches claim that the air bags failed to deploy because they were defective, and allege theories based on negligence, breach of warranty, and strict liability. (*Id*. at 3-4, ¶¶ 6-8.) The Indiana Products Liability Act (IND. CODE §§ 34–20–1–1 through 34–20–9–1, hereinafter, the "IPLA"), governs all actions brought by a user or consumer against a manufacturer or seller for physical harm caused by a product, regardless of the legal theory upon which the action is brought.[3] IND. CODE § 34–20–1–1; *Stegemoller v. ACandS, Inc.*, 767 N.E.2d 974, 975 (Ind. 2002).

To succeed on their action under the IPLA, the elements the Piltches must prove differ slightly between their negligence and strict liability theories:

> To prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach. Similarly, with respect to strict liability actions, the plaintiff must prove that: (1) the product was defective and unreasonably dangerous; (2) the defective condition existed at the time the product left the defendant's

---

[3] To be clear, a contractual breach of warranty claim would not be governed by the IPLA, but as this court has explained, when the claim, as here, is for tortious personal injury, the breach of warranty claim is subsumed by the IPLA. *Hathaway v. Cintas Corporate Services, Inc.*, 903 F. Supp.2d 669, 673 (N.D. Ind. 2012).

4

control; and (3) the defective condition was the proximate cause of the plaintiff's injuries.

*Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007) (citations omitted). It is critical to note that both theories require proof of proximate cause.

Under strict-liability theory, proof that the product was defective and unreasonably dangerous can be established by showing "that the product was defectively designed, defectively manufactured, or that the manufacturer failed to supply adequate warnings or instructions as to the dangers associated with its use." *Hoffman v. E.W. Bliss Co.*, 448 N.E.2d 277, 281 (Ind. 1983). If the claim is that the product was defectively designed or that there were inadequate warnings, there is an added wrinkle, however. The statute imposes a negligence standard for such claims: "[T]he party making the claim must establish that the manufacturer or seller failed to exercise reasonable care under the circumstances in designing the product or in providing the warnings or instructions." Ind. Code § 34–20–2–2; *see TRW Vehicle Safety Systems, Inc. v. Moore*, 936 N.E.2d 201, 209 (Ind. 2010). Thus, a so-called strict-liability claim for a design defect or inadequate warning is strict in name only, and actually falls on the negligence side of the ledger.

In the present case the Piltches allege that the air bags were defective in design, manufacture, and because there was no post-manufacture corrective action taken such as a warning or recall.[4] (DE #1 at 3 ¶ 6(a)-(c)). The Piltches are not alleging that the

---

[4] Typically, the adequacy of a warning presents a question of fact for the jury, "but it can be decided as a matter of law when the facts are undisputed and only one

defect caused them to skid and crash. Instead, their allegation is that a defect in the air bags caused their injuries in the crash to be exacerbated, making their claim one invoking the "crashworthiness" doctrine. The crashworthiness doctrine imposes liability for "enhanced" injuries, recognizing that "in light of the statistical inevitability of collisions, a vehicle manufacturer must use reasonable care in designing a vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of a collision." *Green v. Ford Motor Co.*, 942 N.E.2d 791, 793 (Ind. 2011).

As noted above, whether this case involves strict liability theory or negligence theory, proximate cause must be established, and the "'doctrine of crashworthiness merely expands the proximate cause requirement to include enhanced injuries.'" *Id*. at 793 (quoting *Miller v. Todd*, 551 N.E.2d 1139, 1142 (Ind.1990)). "Given the reality that safety technology is expensive, the operative consideration in defining a crashworthiness defect is the balance between reasonable safety and economics," which means that in a crashworthiness case, "a defect is 'not merely the conclusion that a product failed and caused injury, but that the product failed to provide the consumer with reasonable protection under the circumstances surrounding a particular accident.'" *Whitted v. General Motors Corp.*, 58 F.3d 1200, 1205-06 (7th Cir. 1995) (quoting *Miller*, 551 N.E.2d at 1143.)

---

inference can be drawn from those facts." *Weigle v. SPX Corp.*, 729 F.3d 724, 731 (7th Cir. 2013). Because the court concludes herein that the Piltches have not established a question of fact that the air bags did not function properly, there is no reason for a post-manufacture warning or recall.

Typically, the issue of proximate cause in a product liability case requires expert testimony, because an understanding of the inherent issues is beyond the understanding of a layperson. *U-Haul Intern., Inc. v. Nulls Machine and Mfg. Shop*, 736 N.E.2d 271, 285 (Ind. App. 2000); *see Owens v. Ford Motor Co.*, 297 F. Supp.2d 1099, 1103-04 (S.D. Ind. 2003). In the present case, Ford's motion for summary judgment all comes down to that issue: it is undisputed that the Piltches have not disclosed any expert witness who will testify regarding the particular circumstances of the accident, whether the air bags would have been expected to deploy in the accident, or any findings based on the condition of the vehicle after the accident suggesting a reason for their failure to deploy.

Ford compares the present case to *Owens*, in which plaintiff's claim was that the vehicle's air bags[5] were defective because they did not fully inflate. The court granted summary judgment to Ford, holding that plaintiff lacked expert evidence to establish whether and/or why the air bags did not fully inflate:

> Whether the circumstantial evidence from the accident—such as the condition of the air bag mechanism, damage to the interior of the car, and injuries to Mr. Owens—would support a finding that the air bag failed to deploy completely is a question beyond the common understanding and everyday experience of lay jurors. One would need to be familiar with the expected condition of the air bag mechanism after complete deployment, and with the expected interior damage and injuries based on the mechanics of the accident, determined from such information as the vehicles' velocities, their designs for absorbing energy in collisions, and Mr. Owens' position and weight. As a result, plaintiff needs admissible

---

[5] For convenience in this order, the court uses the plural term even though some of the cases discussed involve a single air bag.

> expert testimony to support a finding that the air bag failed to deploy completely.

*Owens*, 297 F. Supp.2d at 1104. Ford concludes that because the Piltches have no expert witnesses on the issue of causation in the present case, it is similarly entitled to summary judgment.

The Piltch's response to Ford's motion is that it is unecessary for them to present any expert testimony to establish their claim. They rely on the principle, recognized in *Owens*, that causation can "be proven by circumstantial evidence if that evidence is of sufficient probative force to constitute a basis for a legal inference and not mere speculation." *U-Haul Intern., Inc.*, 736 N.E.2d at 285 n.3; *see Owens*, 297 F. Supp.2d at 1103. They believe their case is not like *Owens*, but more like *Cansler v. Mills*, 765 N.E.2d 698 (Ind. Ct. App. 2002) (disapproved on other grounds by *Schultz v. Ford Motor Co.*, 857 N.E.2d 977, 986 (Ind. 2006)), a case involving air bags which did not inflate at all. In *Cansler* the court found that expert testimony was not necessary to establish causation and an issue of fact precluded summary judgment where, along with the vehicle's owner's manual outlining the circumstances in which the air bags should have deployed, other circumstantial evidence showed:

> the Corvette's air bag never deployed even though Cansler was traveling between 45 to 50 mph when he rear ended Mills' car and the Corvette hit hard enough to cause front-end damage to its frame. The evidence indicates that the crash was severe enough to require repairs that included 13 hours of labor on the front of the Corvette's frame and the replacement of the front frame crossmember.

8

*Id*. at 706-07. Thus, it is important to carefully compare the circumstantial evidence found sufficient in *Cansler*—and in a similar case cited in *Cansler*—to the circumstantial evidence the Piltches assert is sufficient to stave off summary judgment by creating an issue of fact on causation in the present case.

In *Cansler*, the trial court had not considered the opinion of the plaintiff's proffered expert, finding that he did not qualify as an expert witness "in the area of air bag deployment" under Ind. R. Evid. 702 because of his lack of formal training and education, and possessing no experience designing and/or testing air bag systems. *Id*. at 703. The appellate court held that although the witness—a mechanic named Bruce L. Brake, with 18 years' experience repairing salvaged vehicles and who had examined 20-25 wrecked Corvettes in the preceding 10 years—might not be an expert under Rule 702, his opinion should have been considered as a "skilled witness," that is, an observer with skills and knowledge in an art beyond those possessed by an average juror. *Id*.

> A "skilled witness" is a person with "a degree of knowledge short of that sufficient to be declared an expert under Ind. Evid. Rule 702, but somewhat beyond that possessed by the ordinary jurors." Skilled witnesses not only can testify about their observations, they can also testify to opinions or inferences that are based solely on facts within their own personal knowledge.

*Id*. (Citations omitted.)

Brake had examined the plaintiff's vehicle four days after the accident, and spent 13 hours restoring it. *Id*. at 701. It was Brake's opinion, based on that work and "his observations of other vehicles that had been in accidents severe enough to cause front

9

frame damage, the air bag in Cansler's Corvette should have deployed because the Corvette hit hard enough to cause front frame damage." *Id*. at 702.

> Brake's testimony consisted of a report of his observations from his examination of Cansler's Corvette as well as his opinion based on those observations. Brake reported that he examined Cansler's Corvette and found that it had damage to the front frame section. Brake also testified that over the course of his career restoring salvaged vehicles, when he observed wrecked automobiles equipped with air bags that had suffered front-end frame damage during an accident, the air bag in the vehicles had deployed.

*Id*. at 704. The appellate court held that the trial court had abused its discretion by excluding and giving no consideration to Brake's testimony, *Id*., and found that Brake's opinion, along with the plaintiff's testimony concerning the circumstances of the accident, was enough circumstantial evidence to create an issue of fact as to whether the air bags were defective for not deploying. *Id*. at 707.

The *Cansler* court cited *Silvestri v. Gen. Motors Corp.*, 210 F.3d 240, 244 (4th Cir. 2000), with approval. *Silvestri* also involved air bags which failed to deploy. In *Silvestri* the trial court had granted summary judgment, finding insufficient evidence to create an issue of fact on causation, when plaintiff had no expert who could opine whether the air bags had failed to deploy as designed or whether other causes impacted their non-deployment. *Id*. at 244-45. The appellate court held this to be error, finding that a question of fact existed because the plaintiff had circumstantial evidence showing: 1) the air bags should deploy in a frontal crash at 9-15 miles an hour, as represented in the owner's manual; 2) his crash into a utility pole was equivalent to a front-end crash

10

directly into a fixed barrier at a speed of 24 miles per hour; and 3) the air bags did not deploy. *Id*. at 245. Significantly, the evidence on the second point—the speed equivalence of the crash—came from two accident-reconstruction experts qualified to offer an opinion on the frontal impact speed of the crash. *Id*. at 244. There was also expert evidence on the condition of the car after the accident, showing that in the front center it had an 18-inch deep V-shaped depression caused by hitting a utility pole. *Id*. at 242.

In the present case, the sum of the evidence designated by plaintiffs to create an issue of fact on causation is as follows: 1) The owner's manual, stating the circumstances under which the air bags should inflate, and the circumstances (warning lights and tones, etc.) which indicate the air bags have a malfunction which requires service (none of which the Piltches ever observed); 2) plaintiff Howard Piltch's deposition testimony and verified statement concerning the circumstances of the accident (his estimate is that the vehicle was traveling more than 40 miles per hour, (DE # 34-3 at ¶ 4), slid off the road spinning 360 degrees, made a straight-ahead frontal impact with a wall, slid down the road and then hit trees, at which time it was traveling faster than when it first slid off the road); 3) deposition testimony by the Piltches that the vehicle had all necessary services performed; and 4) Howard Piltch's deposition testimony and verified statement that, after the vehicle was in an accident in January 2006, it is his "recollection" and "understanding" that "whatever needed to be reset" was reset. (DE #34-3 at ¶ 6). Unlike the *Cansler* case, the Piltches have no skilled witness who examined

11

the vehicle immediately after the accident and can testify what the extent of its damages were, and opine that the air bags should have deployed. Unlike the *Silvestri* case, the Piltches have no accident-reconstruction experts who can testify concerning the speed equivalences and force vectors involved in the accident.[6] It is this court's conclusion, therefore, that the Piltch's evidence is not enough to go beyond speculation and allow a legal inference as to proximate cause. In other words, they have not created an issue of fact which defeats Ford's motion for summary judgment.

This conclusion is reinforced by considering the Piltches' last contention. They argue that the Court of Appeals for the Seventh Circuit recognized in *Whitted* that in some circumstances a case can be made under the IPLA using the doctrine of *res ipsa loquitur*. In *Whitted* the court stated that it "glean[ed] from the doctrine of *res ipsa loquitur* the principle that, in certain rare instances, circumstantial evidence may produce reasonable inferences upon which a jury may reasonably find that a defendant manufactured a product containing a defect." *Id*. at 1208. The court found that the doctrine could be used to make a case under the IPLA "only when the plaintiff presents evidence by way of expert testimony, by way of negating other reasonably possible causes, or by way of some combination of the two." *Id*. at 1209. The Piltches argue that

---

[6] Although Howard Piltch testifies that the vehicle made a full frontal impact with a wall, he also states that it had spun in a circle before doing so. Neither this judge, nor a lay juror, has the expertise to know whether that means a glancing impact occurred which might not have been of the type to cause a properly-designed air bag system to deploy.

12

their circumstantial evidence is enough to negate other reasonably possible causes for the air bags' failure to deploy:

> The Piltches have designated evidence that they were the original purchasers of the vehicle from Ford, and that the air bag system was a substantial factor in inducing them to purchase. The Piltches had never used the air bags, and there were never any warning lights indicating that the air bags may be defective. The Owners Manual states that the air bag system does not require any maintenance and its operation is completely automatic.

(DE #33 at 11.) (Citations omitted.)

This is not enough. In *Whitted*, the court found that the plaintiff could not rely in *res ipsa loquitur* because he

> did not present enough evidence to establish that Defendants retained control or dominion over the seat belt—that is, that six years of invariable use did not disturb Defendants' influence or authority over the product. The evidence adduced on the issue of Defendants' control was that the seat belt appeared to be in good working condition prior to the collision, that the seat belt had never demonstrated problems before, and that the seat belt was not cut or frayed prior to the accident. This is simply not enough to create a reasonable inference.

*Whitted*, 58 F.3d at 1208. In the present case, not only had the Mercury Mountaineer been in the Piltches' possession for about four years, it had been in a prior accident in 2006, after which the plaintiffs believe, but do not know for certain, that everything was properly repaired. There is no evidence, other than the plaintiffs' description of the accident at issue in this case, of the forces involved, or of the extent of damage to the vehicle after the accident. Under these circumstances, the Piltches' circumstantial

evidence is not one of the "rare instances" where it is enough to negate all possible causes other than a product defect for the air bags' failure to deflate.

*Conclusion*

For the reasons above, Ford's motion for summary judgment (DE #20) is **GRANTED**; its alternative motion for sanctions is denied as moot. The clerk is to enter final judgment, stating that Mercury Division of Ford Motor Company is dismissed; and in favor of defendant Ford Motor Company, plaintiffs to take nothing by way of their complaint.

**SO ORDERED.**

Date: March 28, 2014

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT